[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This case is before the court following our February 11, 1997 decision which granted appellant's application for reopening, pursuant to App.R. 26(B), based upon a claim of ineffective assistance of appellate counsel on direct appeal. For the reasons which follow, this court affirms the judgment of the trial court.
Appellant asserts the following assignments of error:
"FIRST ASSIGNMENT OF ERROR:
 TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF DEFENDANT-APPELLANT IN FAILING TO PROPERLY INSTRUCT JURY AS TO THE ELEMENTS OF SELF-DEFENSE, DENYING APPELLANT A FAIR TRIAL AS GUARANTEED BY THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 1, ARTICLE I AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION. (TR.P.508)
"SECOND ASSIGNMENT OF ERROR:
 APPELLANT [sic] COUNSEL'S FAILURE TO RAISE ON DIRECT APPEAL THE TRIAL COURT'S IMPROPER JURY INSTRUCTION, DENIED APPELLANT THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL AS GUARANTEED UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."
The facts that are relevant to the issues raised in this appeal are as follows. In February 1984, appellant was indicted on one count of murder in violation of R.C. 2903.02. The case proceeded to trial by jury and on February 10, 1984, the jury returned a verdict, finding appellant guilty of murder as charged in the indictment. Appellant's judgment of conviction and sentence was affirmed by this court on December 14, 1984. On June 3, 1987, appellant filed a petition for post-conviction relief pursuant to R.C. 2953.21. The state then filed a motion for summary judgment, which the trial court granted on August 31, 1987. Appellant appealed the denial of his petition for post-conviction relief and on August 19, 1988, this court affirmed the trial court's August 31, 1987 judgment. In January 1997, appellant filed an application for reopening. On February 11, 1997, this court found that the failure to assert an assignment of error in appellant's original appeal as to the self-defense jury instruction that was given at trial creates a genuine issue as to whether appellant was deprived of the effective assistance of appellate counsel and, accordingly, the motion for reopening was granted.
Before this court now are the issues of whether the trial court erred by failing to tell the jury that a defendant, in exercising his right to self-defense in his own home, has no duty to retreat and whether appellant was denied effective assistance of appellate counsel when his attorney did not raise that issue in his direct appeal. Upon thorough examination of the record of proceedings in the trial court during the protracted life of this case, however, this court finds that these same issues were in fact raised by appellant in his 1987 petition for post-conviction relief. On August 31, 1987, the trial court found that it did not err by failing to give a special instruction regarding the duty to retreat when in one's own home and also found that appellate counsel's failure to raise the issue was not prejudicial. Further, on August 18, 1988, this court affirmed the trial court's denial of appellant's petition based on these same issues and adopted the lower court's holding as our own. Accordingly, this court finds that the issues raised by appellant on reopening of his appeal are barred by the doctrine of res judicata. See Statev. Cheren (1995), 73 Ohio St.3d 137. Accordingly, appellant's first and second assignments of error are not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.